**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL DARREN BOYDSTON, 029789,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-1482-M** |
| | ) | |
| **DAVID BLANKENSHIP, ET AL.,** | ) | |
| **Defendants.** | ) | |


### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.  Parties

Plaintiff is confined in the McLennan County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Lieutenant David Blankenship, Sheriff Bob Alford, Warden Eddie Williams and Assistant Warden Jimmy Johnson. The Court has not issued process pending judicial screening.

### II.  Background

Plaintiff states Lieutenant Blankenship opened and read his outgoing mail when he was incarcerated in the Johnson County Jail. He states Blankenship is a witness against him in his criminal case and that Blankenship may have obtained information about his criminal case by

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

reading his mail.  Plaintiff states that some of his outgoing mail contained letters to his attorney, but the envelopes were addressed to his parents so that his parents could make copies of the letters.  Plaintiff states that after complaining about Blankenship reading his mail, he was transferred to the McLennan County Jail to await trial.  Plaintiff also claims Blankenship called him a bully and a "tank boss," but that he later apologized.  Plaintiff claims Bob Alford, Eddie Williams and Jimmy Johnson are liable because they were aware of Blankenship's actions. Plaintiff seeks an order transferring him back to the Johnson County Jail, sanctions against the Defendants, and monetary damages.

### III.  Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

**IV.  Discussion**

**1.      Mail**

To support a claim for denial of access to the courts, or a violation of his First Amendment rights, a prisoner must do more than allege simply that his mail was opened and inspected outside his presence.  A petitioner must allege that his access to the courts has been affected or that his mail has been censored.  *See Brewer v. Wilkerson*, 3 F.3d 816, 819 (5th Cir. 1993) (finding allegation that mail was opened and inspected outside inmate's presence, without additional claim that such practice affected inmate's ability to transmit documents, or allegation that mail had been censored, did not state a cognizable claim).

In this case, Plaintiff does not allege that his mail was censored or that he was denied access to the courts.  Petitioner merely speculates that Blankenship could use his mail to gain an advantage in his criminal case.  *See* Magistrate Judge's Questionnaire, Answer No. 2 ("Mr. Blankenship is impeding my criminal case in many ways.  By reading my mail, some of it attorney mail, he is able to directly report any information (i.e., addresses, knowledge of my witnesses, phone numbers, information only obtainable by me, to the prosecution or for his personal use.")).   Plaintiff has failed to show a violation of his constitutional rights.  *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) ("Walker's allegation that his incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation."); *Patel v. Haro*, 470 Fed. Appx. 240, 244 (5th Cir. 2002) (stating prison officials may monitor and review outgoing mail).  This claim should be dismissed.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

2.      **Transfer**

Plaintiff states he should be transferred from the McLennan County Jail back to the

Johnson County Jail so that he can be closer to his family and his attorney.  A prisoner, however,

has no constitutional right to be housed in any particular location or facility.  *Barber v.*

*Quarterman*, 437 Fed. Appx. 302, 304 (5th Cir. 2011) (citations omitted).  This claim should be

dismissed.

3.      **Verbal Abuse**

Plaintiff has also failed to show his constitutional rights were violated when Blankenship

called him a bully and a tank boss.  Verbal abuse does not give rise to a cause of action under §

1983.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *White v. Gutierrez*, 274 Fed. Appx.

349, 349 (5th Cir. 2008).  This claim should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).

Signed this 11th  day of June,  2014.


_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).